**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **APRESE SYSTEMS TEXAS, LLC,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**ROKU, INC.,**<br><br>　　　　Defendant. | **CASE NO. 6:19-cv-00528-ADA**<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT ROKU, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS**

Defendant Roku, Inc. ("Roku" or "Defendant"), by and through its undersigned counsel, hereby responds to the Original Complaint ("Complaint") of Aprese Systems Texas, LLC ("Aprese" or "Plaintiff") as follows:

**THE PARTIES**

1.　Roku lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 1 of the Complaint, and therefore denies them.

2.　Defendant admits it is a Delaware corporation, but denies the remaining allegations in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.　Roku admits the Complaint alleges patent infringement, and that subject matter jurisdiction is thus proper. Roku denies it infringes any valid claim of any patent identified in the Complaint, and Roku otherwise denies the allegations in paragraph 3 of the Complaint.

4.　Denied.

5. Roku admits it has a place of business located at 9606 N. MoPac Expy, Suite 400, Austin, Texas 78759, but denies the remaining allegations in paragraph 5 of the Complaint.

6. For purposes of this action only, Roku does not contest personal jurisdiction. Roku denies the remaining allegations of paragraph 6 of the Complaint.

7. Denied.

8. Roku denies this venue is most convenient.

## ROKU

9. Roku admits that its products include and/or have included the Roku Express, Roku Express+, Roku Premiere, Roku Premiere+, Roku Streaming Stick, Roku Streaming Stick+, and Roku Ultra, and that Roku has described these products on its website. Roku denies the remaining allegations of paragraph 9 of the Complaint.

10. Denied.

11. Roku admits that it has issued a Form 10-Q, but denies the remaining allegations of paragraph 11 of the Complaint.

12. Roku admits that it is and/or has partnered with companies, including TCL, Sharp, Hisense, Philips, Sanyo, Element, JVC, RCA, Hitachi, and Magnavox. Roku denies the remaining allegations of paragraph 12 of the Complaint.

13. Roku admits it has an app for iOS and Android devices. Roku denies the remaining allegations of paragraph 13 of the Complaint.

## NOTICE OF APRESE'S PATENTS

14. Aprese identifies both the '115 patent and '155 patent in paragraph 14 of the Complaint, and because of this Roku lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 14 of the Complaint, and therefore denies them.

15. Roku admits Aprese identified the '155 patent in its Complaint. Roku denies the remaining allegations of paragraph 15 of the Complaint.

16. Roku admits Aprese included a link in paragraph 16 of its Complaint that purports to link to a copy of the '697 patent. Roku lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 16 of the Complaint, and therefore denies them.

17. Roku admits Aprese identified the '697 patent in its Complaint. Roku denies the remaining allegations of paragraph 17 of the Complaint.

18. Roku admits Aprese included a link in paragraph 18 of its Complaint that purports to link to a copy of the '924 patent. Roku lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 18 of the Complaint, and therefore denies them.

19. Roku admits Aprese identified the '924 patent in its Complaint. Roku denies the remaining allegations of paragraph 19 of the Complaint.

20. Roku admits Aprese included a link in paragraph 20 of its Complaint that purports to link to a copy of the '214 patent. Roku lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 20 of the Complaint, and therefore denies them.

21. Roku admits Aprese identified the '214 patent in its Complaint. Roku denies the remaining allegations of paragraph 21 of the Complaint.

22. Roku admits Aprese included a link in paragraph 22 of its Complaint that purports to link to a copy of the '273 patent. Roku lacks sufficient knowledge or information to either

admit or deny the remaining allegations in paragraph 22 of the Complaint, and therefore denies them.

23. Roku admits Aprese identified the '273 patent in its Complaint. Roku denies the remaining allegations of paragraph 23 of the Complaint.

24. Roku admits Aprese included a link in paragraph 24 of its Complaint that purports to link to a copy of the '059 patent. Roku lacks sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 24 of the Complaint, and therefore denies them.

25. Roku admits Aprese identified the '059 patent in its Complaint. Roku denies the remaining allegations of paragraph 25 of the Complaint.

## COUNT I
### (Infringement of U.S. Patent No. 8,887,155)

26. Roku re-alleges and incorporates its responses to the above allegations.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Paragraph 33 purports to identify a claim of the '155 patent, and as such no admission or denial is required. To the extent a response is required, Roku denies it infringes the claim identified or that the claim is valid.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

**PRAYER FOR RELIEF**

Roku denies that Aprese is entitled to any relief.

**JURY DEMAND**

No response is required to Aprese's demand for trial by jury. Roku separately requests a jury trial on all of its claims, defenses, and counterclaims.

**ROKU'S AFFIRMATIVE DEFENSES**

A. Roku incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses. By asserting these Affirmative Defenses, Roku does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Roku reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

**FIRST AFFIRMATIVE DEFENSE - No Infringement**

B. Roku does not and has not infringed—not directly, indirectly, literally, under the doctrine of equivalents, jointly, willfully, or otherwise—any valid and enforceable claim of U.S. Patent No. 8,887,155 (the "Asserted Patent").

**SECOND AFFIRMATIVE DEFENSE - Invalidity**

C. Each asserted claim of the Assert Patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE -

## Prosecution History Estoppel, Prosecution Disclaimer

D.       By reason of the prior art and/or statements and representations made to and by the U.S. Patent and Trademark office during prosecution of the applications that led to the issuance of the Asserted Patent and any related applications, during any post-issuance proceedings involving the Asserted Patent, and during any post-issuance proceedings involving any related patents, the claims of the Asserted Patent are so limited by the doctrines of prosecution history estoppel and/or prosecution disclaimer that none of the claims of the Asserted Patent could properly be construed to cover any activity of Roku.

## FOURTH AFFIRMATIVE DEFENSE - Statute of Limitations and No Marking

E.       Upon information and belief, Aprese's claim for damages is limited by 35 U.S.C. §§ 286 and/or 287.

## FIFTH AFFIRMATIVE DEFENSE - Failure to State a Claim

F.       Aprese's Complaint fails to state a claim upon which relief can be granted.

## RESERVATION OF RIGHTS

Roku reserves the right to amend or supplement its answer and affirmative defenses above should it learn of additional information or defenses.

## COUNTERCLAIMS

Roku, Inc. ("Roku") counterclaims as follows:

## PARTIES

1.       Roku is a Delaware corporation, with a principal place of business at 150 Winchester Circle, Los Gatos, CA 95032.

2.	Upon information and belief, Aprese Systems Texas, LLC ("Aprese") claims it is a limited liability company organized and existing under the laws of Texas, and further currently claims its principal place of business in Austin, Texas.

## JURISDICTION AND VENUE

3.	Roku seeks a declaratory judgment of noninfringement and invalidity of U.S. Patent No. 8,887,155 (the "Asserted Patent") pursuant to the U.S. Patent Laws, 35 U.S.C. § 1 *et seq.*, damages, and such other relief as the Court deems proper.

4.	If subject matter jurisdiction is proper for Aprese's claims, this Court has jurisdiction over these counterclaims pursuant to, and without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201, 2202, and the U.S. Patent Laws, 35 U.S.C. § 1 *et seq.*

5.	Aprese claims it is a Texas limited liability corporation currently residing in Austin, and Aprese has further subjected itself to this Court's personal jurisdiction by filing suit against Roku in this district.

6.	Aprese has consented to venue by filing suit against Roku in this district.

## COUNTERCLAIM 1 - Declaratory Judgement of No Infringement

7.	Roku restates and incorporates by reference the allegations in paragraphs 1-6 of its counterclaims as though fully set forth herein.

8.	Aprese has alleged that it is the owner of the Asserted Patent, and has alleged that this patent is valid and enforceable.

9.	Aprese has accused Roku of infringing the Asserted Patent.

10.	Roku has not infringed and does not infringe—not directly, indirectly, literally, under the doctrine of equivalents, jointly, willfully, or otherwise—the Asserted Patent.

11. An actual controversy exists between Aprese and Roku as to whether Roku infringes the Asserted Patent, and a judicial declaration is necessary for Roku to ascertain its rights with respect to the Asserted Patent.

## **COUNTERCLAIM 2 - Declaratory Judgment of Invalidity**

12. Roku restates and incorporates by reference the allegations in paragraphs 1-11 of its counterclaims as though fully set forth herein.

13. Aprese has alleged that it is the owner of the Asserted Patent, and has alleged that this patent is valid and enforceable.

14. The Asserted Patent is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. An actual controversy exists between Aprese and Roku as to whether the Asserted Patent is invalid, and a judicial declaration is necessary for Roku to ascertain its rights with respect to the Asserted Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiff, Roku respectfully prays that judgment be entered in its favor and against Counterclaim-Defendant, Aprese as follows:

A. A judgment dismissing Aprese's Complaint against Roku with prejudice.

B. A declaration that Roku has not infringed the Asserted Patent.

C. A declaration that the Asserted Patent is invalid and unenforceable.

D. A declaration that this case is exceptional and Roku is entitled to recover its reasonable fees and costs.

E. An award to Roku of its reasonable fees and costs.

    F.      A judgment in equity barring Aprese from enforcing the Asserted Patent or collecting damages on the Asserted Patent.

    G.      Such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(a) of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff, Roku, Inc., hereby demands a trial by jury on all issues so triable, including without limitation, Roku, Inc.'s defenses and counterclaims.

Dated:  December 20, 2019

Respectfully submitted,

**PERKINS COIE LLP**

By: */s/ Skyler M. Howton*
Matthew C. Bernstein (*Pro Hac Vice Pending*)
MBernstein@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, CA 92130
Telephone:  (858) 720-5721
Facsimile:  (858) 720-5799

Skyler M. Howton, Texas Bar No. 24077907
SHowton@perkinscoie.com
500 N. Akard Street, Suite 3300
Dallas, TX 75201-3347
Telephone:  (214) 259-4951
Facsimile:  (214) 965-7752

**ATTORNEYS FOR ROKU, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 20, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

*/s/ Skyler M. Howton*
Skyler M. Howton
